UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SCOTT INGRAM,<br><br>    Plaintiff,<br><br> v.<br><br>JAMES KEY,<br><br>    Defendant. | CASE NO. 3:19-CV-05168-BHS-DWC<br><br>ORDER TRANSFERRING CASE |

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff Robert Scott Ingram, proceeding *pro se*, initiated this law suit on March 6, 2019. *See* Dkt. 1. The Court has reviewed Plaintiff's Proposed Complaint and finds the proper venue for this case is the Eastern District of Washington. Therefore, the Court orders this case be transferred to the Eastern District of Washington.

I. **Background**

In the Proposed Complaint, Plaintiff, who is housed at Airway Heights Corrections Center ("AHCC"), alleges his Fourteenth Amendment due process rights were violated when Department of Corrections' employees confiscated Plaintiff's possessions. *See* Dkt. 1-1.

The Court has not granted Plaintiff *in forma pauperis* ("IFP") status, nor has the Court ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action.

**II.     Discussion**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, it is clear from Plaintiff's Proposed Complaint his claims arise out of actions committed at AHCC. Dkt. 1-1. AHCC is located in Spokane County, Washington, which is in the Eastern District of Washington. *See* 28 U.S.C. § 128(a). Further, it appears the only named Defendant, James Key, resides in the Eastern District of Washington. *See* Dkt. 1-1. Plaintiff has not named any Defendants who are located in the Western District of Washington. Therefore, the Court concludes venue is improper.

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). Plaintiff is a *pro se* prisoner. *See* Dkt. 1-1. At this time, the Court does not find the Proposed Complaint is meritless. Further, dismissing the case and directing Plaintiff

to refile in the Eastern District of Washington would cause unnecessary delay. Therefore, the Court finds transferring, rather than dismissing, this case is appropriate.

**III.     Conclusion**

The Court finds venue is improper and the interests of justice require this case be transferred to the proper venue. Accordingly, the Court orders this case be transferred to the Eastern District of Washington in Spokane and the case be closed.[1]

In light of the transfer, the Court defers to the Eastern District of Washington with respect to Plaintiff's Application to Proceed IFP (Dkt. 6).

Dated this 29th day of March, 2019.

David W. Christel
United States Magistrate Judge

---

[1] An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (2013).